UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 10-151** |
| **CHRISTOPHER RAY ALLO** | **SECTION: "S" (2)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Christopher Ray Allo's **Motion for Reconsideration** (Rec. Doc. 281) is **DENIED**.

Before the court is a document styled "Christopher Allo['s] Reply to the Government's Response to his Motion for Extraordinary and Compelling Reasons" (Rec. Doc. 281), which the court has construed as a motion to reconsider its order of June 25, 2020 denying Allo's Motion for Reduction of Sentence - Compassionate Release. Rec. Doc. 276. The prior order denied Allo's motion due to failure to exhaust remedies, without prejudice to be re-urged once administrative remedies were exhausted. The government opposes the motion.

Allo has filed the instant pleading contending that he has exhausted remedies through the Bureau of Prisons ("BOP"). Rec. Doc. 281, pp. 40, 46. Allo contends that he mailed an "Inmate Request to Staff" form (Rec. Doc. 281, p. 128, Exh. 50) to the Warden on April 1, 2020 and received no response, and thus, given the lapse of 30 days, the court may consider his application. See 18 U.S.C. § 3582(c)(1)(A).

The record reflects that on June 23, 2020, Allo filed an "Informal Resolution" form, seeking the same relief and noting that he had not received a response to his April 1 request. Rec.

Doc. 285-1. The form reflects that an informal resolution could not be reached at that time, and a BP-9, "Request for Administrative Remedy" was provided to Allo on June 25, 2020 and returned by him on July 8, 2020. Id. However, on August 4, 2020, Allo signed an "Administrative Remedy Informal Resolution" form, reciting that Allo had "agreed to informally resolve this claim." Rec. Doc. 285-2. In addition, the BOP has stated that Allo's institution, FCI Jesup in Georgia, has "submitted him for an exception review for home confinement," which is currently under consideration, and that the decision whether to grant it lies with the "Central Office in DC." Rec. Doc. 285-3.

This record establishes that Allo withdrew his claim by agreeing to informally resolve it prior to exhausting it, and thus he has no pending claim for administrative relief. It also reflects that, consistent with its mandate to determine a prisoner's place of imprisonment by making specialized determinations uniquely within its own expertise, the BOP is conducting its own review to determine if the relief requested, home confinement, is appropriate. See 18 U.S.C. § 3621.

Accordingly, Allo has failed to exhaust administrative remedies, and the entity charged with determining the appropriateness of the relief requested has his request under review. The **Motion for Reconsideration** (Rec. Doc. 281) is therefore **DENIED**.

New Orleans, Louisiana, this \_\_3rd\_\_ day of September, 2020.

                                  **MARY ANN VIAL LEMMON**
                                 **UNITED STATES DISTRICT JUDGE**