UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 10-151** |
| **CHRISTOPHER RAY ALLO** | **SECTION: "S" (2)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Christopher Ray Allo's **Motion for Appointment of Counsel** (Rec. Doc. 287) is **DENIED**.

Defendant seeks appointment of counsel to assist him in pursuing a motion for reduction of sentence (compassionate release) to a sentence at the bottom of the Guidelines, or to release him to home confinement, due to the COVID-19 pandemic. However, the motion for appointment of counsel was filed after the court had already twice ruled on this motion, denying both the initial motion for reduction in sentence, and a subsequent motion for reconsideration, for failure to exhaust. In denying the motion for reconsideration, the court noted that defendant's case had been forwarded to the Bureau of Prisons ("BOP") Central Office for an "exception review for home confinement." Subsequent to both of these denials, defendant filed a response to the government's opposition to his motion for reduction of sentence, and the instant motion for appointment of counsel.

In consideration of defendant's pro se status and prison mail delays, the court has reviewed defendant's late-filed response, and it ordered the government to reach out to the BOP to determine the status of defendant's exception review. The government has now informed the

court that the home confinement request was denied by the BOP, because, notwithstanding any otherwise qualifying health conditions, defendant does not meet the criteria for COVID-19 release or for home confinement, due inter alia, to his history of violence, including armed robbery, and the BOP's conclusion that he was not a minimum risk for recidivism. Thus, the court now considers the defendant to have exhausted his administrative remedies, and to the extent he has not, construes the position taken on the merits in the government's memorandum (Rec. Doc. 230) as a waiver of any exhaustion defect. United States v. Franco, —F.3d---, 2020 WL 5249369, at *2 (5th Cir. Sept. 3, 2020); Nutraceutical Corp. v. Lambert, 139 S. Ct. 710, 714 (2019). Nevertheless, defendant has not made a showing on the merits that he is entitled to a reduction in sentence (compassionate release) or release to home confinement.

*Compassionate release standard*

Title 18, section 3582 permits the court to reduce the term of imprisonment only after considering the applicable factors set forth in section 3553(a) and upon a finding that extraordinary and compelling reasons warrant a reduction and that a reduction is consistent with applicable policy statements issued by the Sentencing Commission. The applicable Sentencing Commission policy statement provides that a defendant seeking a sentence reduction must establish that "extraordinary and compelling reasons warrant the reduction" and "[the defendant] is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. Under the application notes to the Guideline, the court reaches the question of "extraordinary and compelling reasons" only after the defendant has satisfied the requirement of subsection two, that he is not a danger to the safety of others under section

3142(g). U.S.S.G. § 1B1.13, cmt. n.1.

The record in this case reflects that while out on bond pending sentencing for the federal charges to which he pleaded guilty to in this court, defendant conspired with others to commit armed robbery. On May 4, 2013, wearing ski masks, Allo's co-conspirators entered a home and held four adults and one juvenile against their will at gunpoint. They allegedly threatened to kill all of the victims if their demands were not met. See Rec. Doc. 206. According to law enforcement reports, defendant Allo organized and planned the crime. Id. On June 2, 2013, he was charged with conspiracy to commit home invasion, five counts of armed robbery, and five counts of false imprisonment by law enforcement officials from the St. Tammany Parish Sheriff's Office. Id. On September 8, 2015, Allo pleaded guilty to conspiracy to commit armed robbery. Rec. Doc. 263. His sentence for that crime, fifteen years imprisonment without the benefit of probation, parole, or suspension of sentence, though being served concurrently, exceeds his federal sentence of 136 months. Id.; Rec. Doc. 269.

On this record, the court finds that defendant cannot establish that he is not a danger to the safety of any other person or to the community, and he therefore fails to qualify for a reduction in sentence (compassionate release). Thus, even upon further review, the court concludes its prior denial of compassionate release was appropriate. To the extent defendant seeks home confinement, it is the BOP, not the court, that designates the place of defendant's imprisonment, and the BOP has determined defendant is ineligible. See 18 U.S.C. § 3261(b). Further, the defendant having no pending matter before this court for which counsel may be appointed,

**IT IS HEREBY ORDERED** that Christopher Ray Allo's **Motion for Appointment of Counsel** (Rec. Doc. 287) is **DENIED**.

New Orleans, Louisiana, this __26th__ day of October, 2020.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**