UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 10-151 |
| CHRISTOPHER ALLO | SECTION: "S" (2) |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Renewed Motion for Reduction in Sentence** (Rec. Doc. 292) is **DENIED**.

Defendant, Christopher Allo, is currently serving a 136-month sentence. He has previously moved the court for compassionate release based on the COVID-19 epidemic, for reconsideration of the court's denial of that motion, and for appointment of counsel to pursue a compassionate release. These requests have been denied. He has now moved again for compassionate release, arguing that he will have been transferred to a halfway house at the time the instant motion is considered, and his designation to a halfway house places him in a congregate setting where he is at heightened risk for COVID-19. He thus he seeks compassionate release to complete his term of imprisonment in home confinement.

In its most recent denial, the court explicitly found that defendant cannot meet the standard required for compassionate release. See Rec. Doc. 291. As the court explained, title 18, section 3582 permits the court to reduce the term of imprisonment only after considering the applicable factors set forth in section 3553(a) and upon a finding that extraordinary and

compelling reasons warrant a reduction and that a reduction is consistent with applicable policy statements issued by the Sentencing Commission. The applicable Sentencing Commission policy statement provides that a defendant seeking a sentence reduction must establish that "extraordinary and compelling reasons warrant the reduction" and "[the defendant] is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. Under the application notes to the Guideline, the court reaches the question of "extraordinary and compelling reasons" only after the defendant has satisfied the requirement of subsection two, that he is not a danger to the safety of others under section 3142(g). U.S.S.G. § 1B1.13, cmt. n.1.

The court observed that the record in this case reflects that while out on bond pending sentencing for the federal charges to which he pleaded guilty in this court, defendant conspired with others to commit armed robbery. On May 4, 2013, wearing ski masks, Allo's co-conspirators entered a home and held four adults and one juvenile against their will at gunpoint. They allegedly threatened to kill all of the victims if their demands were not met. See Rec. Doc. 206. According to law enforcement reports, defendant Allo organized and planned the crime. Id. On June 2, 2013, he as charged with conspiracy to commit home invasion, five counts of armed robbery, and five counts of false imprisonment by law enforcement officials from the St. Tammany Parish Sheriff's Office. Id. On September 8, 2015, Allo pleaded guilty to conspiracy to commit armed robbery. Rec. Doc. 263.

On this record, the court determined that defendant failed to establish that he is not a danger to the safety of any other person or to the community, and he therefore he did not qualify

for a reduction in sentence (compassionate release). In the instant renewed motion for reduction in sentence, defendant does not make any compelling argument to reconsider this finding. Further, to the extent defendant seeks home confinement, it is the BOP, not the court, that designates the place of defendant's imprisonment, and the BOP has determined defendant is ineligible. See 18 U.S.C. § 3261(b).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's **Renewed Motion for Reduction in Sentence** (Rec. Doc. 292) is **DENIED**.

New Orleans, Louisiana, this 4th day of March, 2022.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE